IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL NICKERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3521 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Darryl Nickerson filed this *pro se* section 2254 habeas petition challenging his conviction and thirty-four year sentence for unlawful possession of a firearm by a felon. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 15).

Based on consideration of the motions, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment, **DENIES** habeas relief, and **DISMISSES** this case for the reasons that follow.

### I. PROCEDURAL BACKGROUND AND CLAIMS

Petitioner was convicted of unlawful possession of a firearm by a felon and sentenced to thirty-four years incarceration on August 16, 2011. The conviction was affirmed on appeal, *Nickerson v. State*, No. 10-11-00332-CR, slip op. (Tex. App.–Waco 2012, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on December 12,

2012. Petitioner's application for state habeas relief, filed on March 5, 2013, was denied by the Texas Court of Criminal Appeals on June 11, 2014.

Petitioner filed this federal habeas petition on December 2, 2014, raising the following grounds for relief:

1. He is actually innocent.

2. Trial counsel was ineffective in failing to:

   (a) object to and move to quash a fundamentally defective indictment;

   (b) file a motion to suppress evidence; and

   (c) interview and subpoena a defense witness.

Respondent argues that petitioner's claims should be dismissed as procedurally defaulted and/or groundless. The Court will address all of petitioner's claims as they have no merit.

## II. FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction.

> Jessica Sweed was previously in a relationship with Nickerson. On March 7, 2009, Jessica, Tilicia Sweed, and Rasheda Henderson, went to Houston for the evening. On the way home, Jessica was speaking to Nickerson on the phone, and Nickerson was upset. Tilicia testified that when they arrived at Jessica's apartment complex, Nickerson 'appeared out of no where [sic].' Nickerson opened the driver's side door and tried to pull Jessica out of the truck. Tilicia testified that Nickerson had a gun in his hand. The police arrived, and Nickerson went into Jessica's apartment. Tilicia went into the apartment with Nickerson.

> Officer Andrew Drake, with the College Station Police Department, testified that he was dispatched to the Windsor Pointe Apartment complex for a civil disturbance. The dispatcher informed Officer Drake that there was a potential subject with a firearm. When he approached the apartment, Jessica and Rasheda were outside screaming. Officer Drake pulled them away from the apartment. Jessica told Officer Drake that Nickerson was inside with her children and that he had a gun. Jessica described the firearm to Officer Drake and stated that Nickerson had approached her in the parking lot. She said that Nickerson was waving the gun around saying that he would shoot someone. Officer Drake testified that Tilicia came out of the apartment and then Nickerson surrendered and came out of the apartment without the firearm. Jessica gave officers permission to search her apartment. Officers found a firearm inside of the apartment matching the description Jessica had given.

*Nickerson*, slip op. at 2–3.

## III. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially

indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, the court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 99. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* at 99–100 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively

4

unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

    B.    <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the

federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was ineffective in the following instances.

A. <u>Failure to object to or move to quash the indictment</u>

Petitioner complains that trial counsel should have objected to the indictment and moved to quash because it was not signed by the grand jury foreman. A review of the Clerk's Record in this case shows that a copy of the original indictment, signed by the grand jury foreman, appears in the record. Clerk's Record, at 1 (Docket Entry No. 9-7, p. 5). The indictment was amended on July 7, 2011, to include an enhancement to habitual offender paragraph. The amended indictment also appears in the record and is signed by the grand jury foreman. *Id.* at 26; *id.* at p. 30. That petitioner may have possession of, or have seen, copies of these indictments without a signature does not mean that the originals, as appear in the record, were not duly signed.

Petitioner fails to show that the indictments were defective or void, and thus fails to show that trial counsel was ineffective in failing to challenge the validity of the indictments. Petitioner demonstrates neither defective performance nor actual prejudice, and habeas relief is not warranted on these claims.

The state court rejected petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

B.   <u>Failure to move to suppress evidence</u>

Petitioner next claims that trial counsel was ineffective in failing to move to suppress the evidence. A thorough review of petitioner's habeas petition, brief in support, and response to the motion for summary judgment shows that he has failed to allege any facts or applicable legal arguments in support of this claim. Petitioner does not clearly specify the evidence sought to be excluded or show grounds for suppression of the evidence. Consequently, he demonstrates neither deficient performance nor actual prejudice under *Strickland*, and no habeas relief is warranted.

The state court rejected petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the

evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

C. <u>Failure to interview and subpoena defense witness</u>

Petitioner argues that trial counsel should have interviewed and subpoenaed Jessica Sweed for purposes of cross-examination at trial. Petitioner does not allege why Sweed should have been subpoenaed or show how she would have benefited the defense.

In responding to this claim on state habeas review, trial counsel testified by affidavit as follows:

> Applicant next complains that I did not subpoena Jessica Sweed as a witness at his trial. From my review of the case as well as my observations of Ms. Sweed's testimony in the prior burglary of a habitation trial, I did not believe she would be a beneficial witness in our case. Rather, my trial strategy included pointing out her conspicuous absence to the jury in the case and the fact that the State did not call her to prove their case. If I had called Ms. Sweed, she would have been subject to cross-examination by the State and I believe her testimony would enhance rather than detract from the State's case.

*Ex parte Nickerson*, p. 65.

In rejecting petitioner's ineffective assistance claims, the trial court made the following relevant findings of fact and conclusions of law on collateral review:

1. Applicant has alleged no fact supported by the record which entitles him to relief.

2. Applicant's grounds for relief have no basis in the record and are completely without merit.

9

    3.    Applicant's retained counsel, [C.G.], pursuant to this Court's order designating issues, filed an affidavit addressing the allegations on April 1, 2014.

    4.    [Counsel] is known to this Court as an experienced attorney, who has practiced criminal defense in Brazos County for many years, and the Court finds that the statements made by [counsel] in his affidavit are credible and consistent with the trial proceedings.

    5.    There are no previously unresolved, controverted issues of fact material to the legality of Applicant's confinement.

    6.    Applicant fails to prove that his trial counsel's performance was deficient under the first prong of *Strickland*[.]

    7.    Applicant fails to demonstrate any harm that resulted from any alleged deficiency as required under the second prong of *Strickland*.

*Id.*, pp.66–67 (citations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Complaints of uncalled witnesses are not favored in a federal habeas court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). To prevail on an ineffective assistance of counsel claim based on counsel's failure to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Here, petitioner has done nothing more than argue, in the broadest possible terms, that his attorney failed to interview, subpoena, and call Sweed as a witness at trial. This is insufficient to merit habeas relief.

The state court rejected petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## V. ACTUAL INNOCENCE

Petitioner argues that, but for the fundamentally defective indictments and his counsel's ineffective assistance, no rational juror could have found him guilty beyond a reasonable doubt. Respondent correctly contends that petitioner may not raise this claim at this juncture. Even if the claim were properly before the Court, the Court has determined that petitioner's challenges to the indictments and his claims of ineffective assistance of trial counsel are groundless. Consequently, petitioner's assertion of actual innocence has no merit, both procedurally and substantively, and the claim is denied.

## VI. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**, habeas relief is **DENIED**, and this lawsuit is **DISMISSED WITH PREJUDICE**. A

certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 24th day of April, 2015.

                                                KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE